United States District Court
Southern District of Texas
**ENTERED**
June 21, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| v. | § § | CRIMINAL ACTION NO. H-07-114-1 |
| JOHN FLUELLEN HEARD, | § § | CIVIL ACTION NO. H-16-3189 |
| Defendant-Movant. | § § | |

## ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending is the Government's Response and Motion for Summary Judgment (Document Nos. 583 & 588) against John Fluellen Heard's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 573), Motion to Vacate Void Judgment (Document No. 577) and Motion for Summary Judgment (Document No. 587). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that the Government's Motion for Summary Judgment be GRANTED and that Heard's motions all be DENIED. Heard has filed Objections (Document No. 597) to the Memorandum and Recommendation. The Court, after having made a *de novo* determination of the Government's Motion for Summary Judgment, Heard's § 2255 Motion, Motion to Vacate Void Judgment and Motion for Summary Judgment, the Magistrate Judge's Memorandum and Recommendation, and Heard's Objections thereto, is of the opinion that the findings and recommendations of the Magistrate Judge should be and hereby are accepted by the Court.

With respect to Heard's objection to the Magistrate Judge's finding that an evidentiary hearing is not necessary to resolve the conflict that Heard advanced by denying his trial Counsel's affidavit, the undersigned Judge who presided over the 16 days of trial adds his own additional observations beyond those of the Magistrate Judge whose findings are correctly derived from the record. Throughout the lengthy trial Heard was ably represented by his Counsel, whom the Court has long known as a highly competent criminal defense lawyer, who is Board certified in Criminal Law by the Texas Board of Legal Specialization, and who has extensive experience in document-intensive, complex trials. Counsel's Affidavit testimony--supported by Counsel's contemporaneously recorded time records--is that during trial he spent numerous hours in preparation for direct examination of three witnesses, including Heard in case Heard should choose to testify. Counsel's testimony is consistent with Counsel's demonstrated preparation not only in this trial but in other trials where Heard's Counsel has defended criminal prosecutions before this Judge. Moreover, given the Government's substantial proof of Heard's guilt at trial, the Court finds that defense Counsel's opinion voiced to Heard that the results of trial would likely be the same whether or not Heard testified was not unreasonable, and Counsel's statement that he therefore "did not try to encourage or discourage [Heard] from testifying" is entirely credible. It was Heard who, when the time

came, chose not to testify and his assertion that his Counsel "refused to allow Heard to testify" is wholly incredible.

> [A] district court need not automatically conduct an evidentiary hearing whenever there are "competing affidavits." The district court certainly has more leeway than that; it can use its own knowledge of the record, its observations from trial, its prior experience with the parties and counsel, and clear contradictions between an affidavit and other record documents to determine whether the § 2255 movant is entitled to "no relief."

United States v. Arledge, 597 Fed. Appx. 757, 759 (5th Cir. 2015); see also United States v. Aikens, 2015 WL 1346168 at *3 (S.D. Tex. Mar. 23, 2015) (Lake, J.) ("In light of the record, the court's knowledge of the case, and the court's familiarity with the attorney involved, the court is not persuaded that Counsel failed to inform [defendant] of his right to testify at trial or that the decision not to testify was anyone's but [defendant's]."). Likewise, here, in light of the record in this case, the Court's knowledge of the case, and the Court's long years of having multiple opportunities to observe the highly professional trial advocacy of the Counsel involved, the Court is not persuaded that Counsel failed to inform Heard of his right to testify at trial, that Counsel was not fully prepared to conduct a direct examination if Heard did choose to testify, or that the decision not to testify was anyone's but Heard's. Accordingly, it is

ORDERED and ADJUDGED for the reasons set forth herein and in the Memorandum and Recommendation of the United States Magistrate Judge signed on May 4, 2018, which is adopted in its entirety as the opinion of the Court, that the Government's Motion for Summary Judgment (Document Nos. 583 & 588) is GRANTED and Heard's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 573), Motion to Vacate Void Judgment (Document No. 577) and Motion for Summary Judgment (Document No. 587) are all DENIED, and this § 2255 proceeding is DISMISSED WITH PREJUDICE. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001). When the claims have been dismissed on

procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth herein and in the Memorandum and Recommendation, which has been adopted as the opinion of the Court, the Court determines that reasonable jurists would not find debatable the substantive or procedural determinations made herein. Thus, a certificate of appealability is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 21ST day of June, 2018.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE